SCANNED

SCANNED

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 08-98-P-H |
| v. | ) | |
| | ) | (18 U.S.C. §§ 1347 and 2, |
| | ) | 26 U.S.C. § 7201) |
| STEVEN P. AMATO | ) | |

### INFORMATION

The United States Attorney charges:

### Introduction

1.   Unless otherwise stated, at all times relevant to the Information:

### The Defendant

a.   The defendant was a resident of the District of Maine and a licensed chiropractor in the States of Maine and New York. The defendant treated patients in Maine at offices located in Damariscotta and Yarmouth, Maine. In addition, approximately two days per month, the defendant treated patients at various locations in New York, New York.

b.   The defendant's practice was advertised as The Center for Alternative Healing. The defendant was also the sole shareholder of Mainecures.com, Inc. and Dr. Steven Amato, D.C., P.C. Mainecures.com, Inc. was incorporated in Maine in 2002 and was involuntarily dissolved by the State on October 1, 2003. Dr. Steven Amato, D.C., P.C. was incorporated in New York in 1997.

c.   Chiropractors in Maine must be licensed by the Maine Board of Chiropractic Licensure in order to practice in the State of Maine. "Chiropractic" is defined under Maine law as the art and science of identification and correction of subluxation and the accompanying

physiological or mechanical abnormalities.

## Health Care Benefit Programs

d.  Many patients treated by the defendant had health insurance, either through a private health insurance plan, through an auto insurance plan that included medical benefits, or through a public health care program. These plans were all health care benefit programs as that term was defined in Title 18, United States Code, Section 24. These health care benefit plans included Health Plans of Maine, Blue Cross Blue Shield of Delaware, Aetna Insurance Co., Cigna Health Care of Maine, Mail Handlers Benefit Plan, Harvard Pilgrim Health Care, Progressive Northern Insurance Co., and Medicare.

e.  Every health care benefit program had rules, contracts or regulations that set forth the covered services, the rates of reimbursement, and non-covered services. In general, health care benefit programs paid for specified health care services, subject to limitations, that were actually performed and were medically necessary for the health of the patient, as defined by the programs' contract, rules or regulations.

## Health Insurance Claim Forms and CPT Codes

f.  The defendant billed health care benefit programs by submitting a standardized Health Insurance Claim Form ("claim form"), formerly known as an HCFA 1500, now known as a CMS 1500. The defendant submitted these claim forms in paper form or, in some cases, electronically. The claim form required the health care provider to identify the patient's name, the dates of service, the identity of person providing the services, the condition or injury that was diagnosed, and the treatments or services provided.

g.  Health care providers were required to identify the diagnoses and the services or treatments using numeric codes. The service or treatment codes, commonly known as Current Procedural Terminology codes ("CPT codes") were set forth in the Current Procedural Terminology Manual, published by American Medical Association. The use of CPT codes and diagnoses codes allowed health care benefit programs to process claim forms more quickly and in a uniform manner.

## Count One
(Health Care Fraud)

2. Paragraph One is realleged as if fully set forth herein.

3. From approximately January 1, 2000 and continuing through approximately December 31, 2004, in the District of Maine and elsewhere, the defendant,

**STEVEN P. AMATO**,

did knowingly and willfully execute and attempt to execute a scheme and artifice, as set forth below, to defraud and to obtain, by means of false and fraudulent pretenses, representations and promises, money and property owned by or under the custody and control of health care benefit programs, namely: Health Plans of Maine, Blue Cross Blue Shield of Delaware, Aetna Insurance Co., Cigna Health Care of Maine, Mail Handlers Benefit Plan, Harvard Pilgrim Health Care, Progressive Northern Insurance Co., and Medicare, in connection with the delivery of and payment for health care benefits, items and services.

**Scheme and Artifice**

4. The object of the defendant's scheme and artifice was to receive excessive payments from health care benefit programs by submitting false and fraudulent claim forms and by concealing

the submission of false claim forms.

5. In furtherance of the defendant's scheme and artifice, the defendant submitted claim forms to health care benefit programs that were false and fraudulent in that they contained CPT codes for services not rendered, or CPT codes that exaggerated the services provided to patients, during actual patient visits.

6. In furtherance of the defendant's scheme and artifice, the defendant submitted claim forms to health care benefit programs that were false and fraudulent in that they contained CPT codes that billed for services purportedly rendered to patients on specific dates when in fact the defendant did not treat the patients on the dates of service indicated on said claim forms.

7. All in violation of Title 18, United States Code, Sections 1347 and 2.

## Count Two
(Tax Evasion – 2001)

8. Paragraph One is realleged as if fully set forth herein.

9. On or about April 15, 2002, in the District of Maine, the defendant,

**STEVEN P. AMATO,**

who during the 2001 calendar year was married and was a resident of Bremen, Maine, did willfully attempt to evade and defeat a portion of the income tax due and owing by him and his spouse to the United States of America for the calendar year 2001 by preparing and causing to be prepared, and by signing and causing to be signed, a false 2001 U.S. Individual Income Tax Return, IRS Form 1040, on behalf of himself and his spouse, which was filed with the Internal Revenue Service, wherein it stated that their joint taxable income (line 39) for the calendar year 2001 was $257,056, and the amount of total tax due (line 58) was $91,973, whereas, he then and

there well knew and believed, that he and his spouse had additional joint taxable income in the amount of approximately $165,362 for said calendar year upon which there was owing to the United States of America an additional tax due and owing of approximately $67,527.

10. All in violation of Title 26, United States Code, Section 7201.

## Count Three
(Tax Evasion – 2002)

11. Paragraph One is realleged as if fully set forth herein.

12. On or about April 15, 2003, in the District of Maine, the defendant,

**STEVEN P. AMATO,**

who during the 2002 calendar year was married and was a resident of Bremen, Maine, did willfully attempt to evade and defeat a portion of the income tax due and owing by him and his spouse to the United States of America for the calendar year 2002 by preparing and causing to be prepared, and by signing and causing to be signed, a false 2002 U.S. Individual Income Tax Return, IRS Form 1040, on behalf of himself and his spouse, which was filed with the Internal Revenue Service, wherein it stated that their joint taxable income (line 41) for the calendar year 2002 was $261,481, and the amount of total tax due (line 61) was $89,123, whereas, he then and there well knew and believed, that he and his spouse had additional joint taxable income in the amount of approximately $241,146 for said calendar year upon which there was owing to the United States of America an additional tax due and owing of approximately $97,756.

13. All in violation of Title 26, United States Code, Section 7201.

## Count Four
(Tax Evasion – 2003)

14. Paragraph One is realleged as if fully set forth herein.

15. On or about April 15, 2004, in the District of Maine, the defendant,

**STEVEN P. AMATO,**

who during the 2003 calendar year was married and was a resident of Bremen, Maine, did willfully attempt to evade and defeat a portion of the income tax due and owing by him and his spouse to the United States of America for the calendar year 2003 by preparing and causing to be prepared, and by signing and causing to be signed, a false 2003 U.S. Individual Income Tax Return, IRS Form 1040, on behalf of himself and his spouse, which was filed with the Internal Revenue Service, wherein it stated that their joint taxable income (line 40) for the calendar year 2003 was $146,906, and the amount of total tax due (line 60) was $46,138, whereas, he then and there well knew and believed, that he and his spouse had additional joint taxable income in the amount of approximately $241,967 for said calendar year upon which there was owing to the United States of America an additional tax due and owing of approximately $84,354.

16. All in violation of Title 26, United States Code, Section 7201.

Dated: 5-22-08

James W. Chapman, Jr.
Assistant United States Attorney